UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAN TROMBLY,

    Plaintiff,

v.

TRUCKEE MEADOWS FUNDING INC.; et al.,

    Defendants.

3:11-CV-0285-LRH-RAM

ORDER

Before the court is plaintiff Dan Trombly's ("Trombly") motion for reconsideration of the court's order granting defendants' various motions to dismiss (Doc. #38[1]). Doc. #41. Defendants filed an opposition (Doc. #45) to which Trombly replied (Doc. #50).

**I.    Facts and Procedural History**

On November 16, 2005, Trombly purchased real property through a mortgage note and deed of trust executed by defendant Truckee Meadows Funding Inc. ("TMF"). Trombly defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on March 17, 2011, Trombly filed a complaint against defendants alleging nine causes of action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100;

---

[1] Refers to the court's docketing number.

(4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. On September 6, 2011, the court granted defendants' various motions to dismiss and dismissed moving defendants from this action. Doc. #38. Thereafter, Trombly filed the present motion for reconsideration of the court's order. Doc. #41.

**II.    Discussion**

Trombly brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Trombly contends that there has been an intervening change in controlling law such that the court's prior order is in error. *See* Doc. #26. Specifically, Trombly argues that the recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. September 7, 2011), establishes that a party must be a holder of both the mortgage note and deed of trust to initiate non-judicial foreclosure proceedings. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order is not warranted. Trombly's reliance on *Cervantes* is misplaced. First, that decision is based solely on the application of Arizona law which differs greatly from Nevada law in terms of non-judicial foreclosures. Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Second, the

1  *Cervantes* court re-established the legality of statutorily enumerated parties initiating non-judicial
2  foreclosure proceedings against a defaulting party. *See Cervantes*, 656 F.3d at 1044. Therefore, the
3  court finds that Trombly's motion for reconsideration is without merit and shall deny the motion
4  accordingly.

6  IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #41) is
7  DENIED.
8  IT IS SO ORDERED.
9  DATED this 3rd day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3